**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| LUND-ROSS CONSTRUCTORS, INC., a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>VECINO NATURAL BRIDGE, LLC, a Missouri limited liability company, and SPRINGFIELD FIRST COMMUNITY BANK, a state-chartered bank,<br><br>Defendants. | Case No. 8:19-cv-00550-RFR-CRZ<br><br>**SECOND AMENDED COMPLAINT** |

COMES NOW, Plaintiff, LUND-ROSS CONSTRUCTORS, INC., a Nebraska corporation, and for its causes of action against Defendants, states and alleges as follows:

1. That Plaintiff is a corporation, organized and existing pursuant to the laws of the State of Nebraska, with its principle place of business located at 9684 North 109th Avenue, Omaha, Nebraska 68142.

2. That Defendant Vecino Natural Bridge, LLC (hereinafter "Vecino") is corporation, organized and existing pursuant to the laws of the State of Missouri and registered to do business in the State of Nebraska, with its principle place of business located at 305 West Commercial Street, Springfield, Missouri 65803 and whose registered agent and office in Nebraska are Spenserv, Inc., 13520 California Street, Suite 290, Omaha, Nebraska 68154.

3. That Defendant, Springfield First Community Bank (hereinafter "Springfield First"), is a state-chartered bank, organized and existing pursuant to the laws of the State of Missouri, whose principal and registered office is 2006 South Glenstone Avenue, Springfield, Missouri 65804.

4. That Vecino is the titled owner of certain real property commonly known as 1020 North 19th Street, Omaha, Nebraska 68102 (hereinafter the "Real Property") and legally described as five separate parcels as follows:

Parcel A:

Lots 5, 6, 7 and 8 in Block 183½ in the original City of Omaha as surveyed and lithographed in Douglas County, Nebraska; together with the North 38 feet of vacated Nicholas Street adjoining on the South, the East 17 feet of vacated 20th Street adjoining on the West, the West 17 feet of vacated 19th Street adjoining on the East; and together with the South ½ of that part of the vacated alley adjoining Lots 7 and 8 on the North.

Except that part thereof taken by the City of Omaha and more particularly described as follows: Beginning at a point located 17 feet East and 38 feet South of the Southeast corner of said Lot 8, said point being in the intersection of the West right-of-way line of Florence Boulevard and the North right-of-way line of Nicholas Street; thence Westerly along the existing North right-of-way line of Nicholas Street a distance of 5.00 feet; thence Northeasterly a distance of 7.07 feet to a point on East right-of-way line of Florence Boulevard; thence Southerly along said East right-of-way line of Florence Boulevard a distance of 5.00 feet to the point of beginning.

And except that part thereof conveyed to the City of Omaha described as follows: Beginning 17.00 feet West and 38.00 feet South of the Southwest corner of said Lot 5; thence North a distance of 5.94 feet along the existing East right-of-way of N. 20th Street; thence Southeasterly a distance of 10.26 feet to a point on the existing North right-of-way of Nicholas Street; thence West a distance of 8.40 feet along said existing North right-of-way to the point of beginning.

Parcel B:

Lots 1, 2, 3 and 4 in Block 195½ in the original City of Omaha, as surveyed and lithographed in Douglas County, Nebraska; together with the West 14 feet of vacated 19th Street abutting Lot 1 on the East; and together with the North 14 feet of vacated alley adjoining on the South.

Except that part thereof conveyed to the City of Omaha described as follows: Beginning 14.00 feet East of the Northeast corner of said Lot 1; thence South 132.00 feet along the West right-of-way of Florence Boulevard to a point on the South line of said Lot 1 extended East; thence West 5.00 feet along said South line extended; thence North 132.00 feet to a point on the South right-of-way of Nicholas Street; thence East 5.00 feet along said South right of way to the point of beginning.

2

Parcel C:

Lots 5, 6, 7 and 8 in Block 195½ in the original City of Omaha, as surveyed and lithographed in Douglas County, Nebraska; also a strip of ground described as follows: Commencing at the Southwest corner of Lot 5 in Block 195½ in the City of Omaha; thence East 278 feet; thence South 10 feet; thence West 278 feet; thence North 10 feet to the place of beginning, being a part of Izard Street vacated; also a strip of ground described as follows: Commencing at the Northeast corner of Lot 8 in said Block 195½ in said City of Omaha; running thence South 132 feet; thence East 14 feet; thence North 132 feet; thence West 14 feet to the place of beginning, being a part of 19th Street vacated; and together with the South ½ of vacated alley adjoining on the North.

Except that part thereof conveyed to the City of Omaha described as follows: Beginning 14.00 feet East of the Northeast corner of said Lot 8; thence South 142.00 feet along the West right-of-way of Florence Boulevard to the North right-of-way of Izard Street; thence West 6.00 feet along said North right-of-way; thence North 142.00 feet to a point on the North line of said Lot 8 extended East; thence East 6.00 feet along said North line extended to the point of beginning.

Parcel D:

Lots 1, 2, 3 and 4 in Block 196½ in the original City of Omaha, as surveyed and lithographed in Douglas County, Nebraska; together with the East 14 feet of vacated 19th Street abutting Lot 4 on the West.

Except that part thereof conveyed to the City of Omaha described as follows: Beginning 14.00 feet West of the Northwest corner of said Lot 4; thence East a distance of 18.36 feet along the existing South right-of-way of Nicholas Street; thence Southwesterly a distance of 24.09 feet to a point on the existing East right-of-way of Florence Boulevard; thence North a distance of 15.49 feet along said existing East right-of-way to the point of beginning.

Parcel E:

Lot 1, Block 6, Horbach's Second Addition, an addition to the city of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, together with the North ½ of vacated alley adjoining on the South.

Parcel F:

The South 13 inches of Lot 2, Block 6, Horbach's Second Addition, an addition to the city of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, together with the East ½ of vacated alley adjoining on the West.

3

Parcel G:

The North 25 feet of Lot 12, Block 6, Horbach's Second Addition, an addition to the city of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska.

5. That Springfield First is believed to be an interested party in the above-captioned matter as claiming an interest in the Real Property pursuant to a Construction Deed of Trust dated November 14, 2017 and filed November 22, 2017 as Instrument No. 2017094464 in the office the Register of Deeds of Douglas County, Nebraska (hereinafter the "Register of Deeds"), a Collateral Assignment of Rents, Leases and Profits dated November 14, 2017 and filed November 22, 2017 as Instrument No. 2017094465 in the office of the Register of Deeds and a Construction Deed of Trust dated November 14, 2017 and filed November 22, 2017 as Instrument No. 2017094466 in the office the Register of Deeds.

6. That on or about October 4, 2017, Plaintiff and Vecino entered into a contract for Plaintiff's provision of services and materials (hereinafter the "Contract") as construction manager for the construction of student housing at the Real Property (hereinafter the "Muse Project").

7. That the total contract price for the materials to be furnished and services to be performed by Plaintiff at Vecino's request on the Muse Project was Twenty-Four Million Three Hundred Three Thousand One Hundred Twenty-Nine Dollars and Ninety-Five Cents ($24,303,129.95) (hereinafter the "Total Contract Price").

8. That Plaintiff has furnished materials and performed services at Vecino's request on the Muse Project, but that Vecino has neglected and refused to pay to Plaintiff the remaining contract price of One Million Six Hundred Eighty-Nine Thousand Nine Hundred Seventy-Six Dollars and Forty-Seven Cents ($1,689,976.47) (hereinafter the "Remaining Contract Price") and continues to fail, neglect and refuse to pay the Remaining Contract Price.

9. That on or about October 7, 2019, Vecino issued notice to Plaintiff of Vecino's termination of the Contract for cause effective October 14, 2019 (hereinafter the "Termination Notice") citing as justifications therefor Plaintiff's "repeated[] refus[als]s or fail[ure]s to supply enough properly skilled workers or proper materials" and Plaintiff's "substantial breach of a provision of the Contract" "by failing to complete the [Muse] Project by May 31, 2019."

10. That contrary to the Termination Notice, Plaintiff has provided sufficient skilled workers for the Muse Project.

11. That contrary to the Termination Notice, the Muse Project's completion date has been pushed back on various occasions by Vecino, either explicitly or as a result of its failure to timely respond to change order requests and its failure to make decisions on issues regarding the Muse Project's brick debris, contaminated soils and the spoils pile, by the failure of Vecino's architect to timely deliver final drawings for the Muse Project or to correctly note fire rating requirements, and by other causes of delay outside of Plaintiff's control to include significant unusual weather and the electrical utility inability to provide or install meters in a timely manner due to significant and unusual flooding delaying final inspections by the City of Omaha.

12. That on or about December 17, 2019 and with respect to Vecino's failure to pay the Remaining Contract Price, Plaintiff filed an amended construction lien pursuant to the Nebraska Construction Lien Act, Neb.Rev.Stat. § 52-125 et seq. (hereinafter the "Act"), in the office of the Douglas County Register of Deeds, which was recorded as instrument no. 2019111174 (hereinafter the "Construction Lien"), a true and correct copy of which is attached hereto, labeled Exhibit "A" and incorporated herein by such reference, and was delivered to Defendants on December 17, 2019 via regular United States first class mail.

13. That on or about March 2, 2020, Plaintiff filed a partial satisfaction of the Construction Lien in the office of the Douglas County Register of Deeds, which was recorded as instrument no. 2020019274, a true and correct copy of which is attached hereto, labeled Exhibit "B" and incorporated herein by such reference.

### FIRST CAUSE OF ACTION
### Foreclosure of Construction Lien - Neb.Rev.Stat. § 52-155

14. That for its First Cause of Action against Defendants, Plaintiff realleges and incorporates by reference paragraphs 1 through 13, above, of this Complaint as if fully set forth herein.

15. That Vecino is the contracting owner of the Real Property pursuant to Neb.Rev.Stat. § 52-127(3) who, as the owner of the Real Property, entered into an express contract for the improvement of the Real Property.

16. That the Contract is a real estate improvement contract as defined by Neb.Rev.Stat. § 52-130(1).

17. That Plaintiff was a prime contractor as defined by Neb.Rev.Stat. § 52-127(8) and that the Agreement was a prime contract as defined by Neb.Rev.Stat. § 52-127(7).

18. That on December 18, 2019 and within 120 days after the last services were performed and/or materials were provided, Plaintiff recorded the Construction Lien with the Register of Deeds in Douglas County, Nebraska against the Real Property for the Remaining Contract Price and the Construction Lien was duly entered and docketed by the Register of Deeds of Douglas County, Nebraska.

19. That the Construction Lien was duly verified and complies with the requirements of the Act.

20. That all statements contained in the Construction Lien are true and correct.

21. That Plaintiff is entitled to foreclosure upon the Construction Lien and the extinguishment of all junior and inferior liens on the Real Property and, upon entry of judgment, to a decree that it may recover its judgment through the sale of the Real Property.

22. That the Construction Lien has not been cancelled or otherwise discharged, and that Plaintiff has performed all conditions precedent to the initiation and maintenance of this Complaint.

23. That Plaintiff is entitled to recover its costs and reasonable attorney's fees

WHEREFORE, Plaintiff prays this Court enter a judgment in its favor and against Defendants on its First Cause of Action, that its rights and interests in the above-described real estate be protected; that an accounting be had of the amounts due Plaintiff on the Construction Lien indebtedness; that Vecino be required to pay such indebtedness; that in default of such payment for a period of twenty (20) days from the entry of the Decree herein, Vecino be forever barred and foreclosed of all right, title, lien, equity of redemption or other interest in, to and upon such real estate; that an Order of Sale be issued for the sale of such real estate as provided by law and directing that such real estate be sold as upon execution and directing that the proceeds of the sale be applied to the amount adjudged to be due Plaintiff on the Construction Lien indebtedness, together with interest thereon and Plaintiff's costs of this action; and that Plaintiff have such other and further relief as the Court determines just and equitable.

### SECOND CAUSE OF ACTION
### Breach of Contract

24. That for its Second Cause of Action against Vecino, Plaintiff realleges and incorporates by reference paragraphs 1 through 23, above, of this Complaint as if fully set forth herein.

25. That Plaintiff and Vecino entered into the Contract whereby Plaintiff agreed to provide materials and perform services as construction manager for the Muse Project pursuant to the terms of the Contract and various change orders in exchange for Vecino's payment to Plaintiff of the Total Contract Price.

26. That Plaintiff performed the services contracted for and said services were unconditionally accepted by Vecino.

27. That Vecino has breached the Contract by failing, neglecting and refusing to pay Plaintiff the Total Contract Price agreed upon in the Contract and subsequent change orders, as well as in wrongfully terminating the Contract as outlined hereinabove.

28. That Plaintiff has suffered and sustained damages as a direct and proximate result of Vecino's breach of the Contract in the amount of at least the unpaid and past due balance of One Million Six Hundred Eighty-Nine Thousand Nine Hundred Seventy-Six Dollars and Forty-Seven Cents ($1,689,976.47).

WHEREFORE, Plaintiff prays this Court enter a judgment in its favor and against Vecino on its Second Cause of Action, for an award of damages suffered and sustained by Plaintiff in the amount at least One Million Six Hundred Eighty-Nine Thousand Nine Hundred Seventy-Six Dollars and Forty-Seven Cents ($1,689,976.47), further awarding Plaintiff interest thereon and its costs and fees incurred pursuant to the Nebraska Construction Prompt Pay Act, Neb.Rev.Stat. § 45-1201 et seq., and for such other and further relief as this Court deems appropriate.

### THIRD CAUSE OF ACTION
*Quantum Meruit*

29. That for its Third Cause of Action against Vecino, Plaintiff realleges and incorporates by reference paragraphs 1 through 28, above, of this Complaint as if fully set forth herein.

30. That at Vecino's request, Plaintiff provided construction services and said services were unconditionally accepted by Vecino.

31. That based upon the Vecino's representations, Plaintiff provided said construction services with the expectation that it would be fairly compensated.

32. That Vecino accepted and retained the benefits of Plaintiff's services, materials, labor and equipment with the knowledge that Plaintiff expected payment.

33. That to date, Vecino has failed and refused to pay Plaintiff for its services, materials, labor and equipment.

34. That the fair market value of Plaintiff's services, materials, labor and equipment for which it has not been paid is no less than One Million Six Hundred Eighty-Nine Thousand Nine Hundred Seventy-Six Dollars and Forty-Seven Cents ($1,689,976.47).

WHEREFORE, Plaintiff prays this Court enter a judgment in its favor and against Vecino on its Third Cause of Action, for an award of damages suffered and sustained by Plaintiff in the amount of no less than One Million Six Hundred Eighty-Nine Thousand Nine Hundred Seventy-Six Dollars and Forty-Seven Cents ($1,689,976.47), further awarding Plaintiff interest thereon and its costs and fees incurred pursuant to the Nebraska Construction Prompt Pay Act, Neb.Rev.Stat. § 45-1201 et seq., and for such other and further relief as this Court deems appropriate.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment**

35. That for its Fourth Cause of Action against Vecino, Plaintiff realleges and incorporates by reference paragraphs 1 through 34, above, of this Complaint as if fully set forth herein.

36. That Plaintiff provided services, materials, labor and equipment to Vecino at Vecino's request.

9

37. That Vecino has not paid Plaintiff for the services, materials, labor and equipment provided.

38. That the fair market value for the services, materials, labor and equipment for which Plaintiff has not been paid is not less than One Million Six Hundred Eighty-Nine Thousand Nine Hundred Seventy-Six Dollars and Forty-Seven Cents ($1,689,976.47).

39. That Vecino has accepted and benefitted from the services, materials, labor and equipment provided by Plaintiff in an amount not less than One Million Six Hundred Eighty-Nine Thousand Nine Hundred Seventy-Six Dollars and Forty-Seven Cents ($1,689,976.47).

40. If Plaintiff is not paid in full for the services, materials, labor and equipment that it provided, Vecino will be unjustly enriched.

WHEREFORE, Plaintiff prays this Court enter a judgment in its favor and against Vecino on its Fourth Cause of Action, for an award of damages suffered and sustained by Plaintiff in the amount of no less than One Million Six Hundred Eighty-Nine Thousand Nine Hundred Seventy-Six Dollars and Forty-Seven Cents ($1,689,976.47), further awarding Plaintiff interest thereon and its costs and fees incurred pursuant to the Nebraska Construction Prompt Pay Act, Neb.Rev.Stat. § 45-1201 et seq., and for such other and further relief as this Court deems appropriate.

DATED this 20th day of April, 2020.

LUND-ROSS CONSTRUCTORS, INC., Plaintiff

By: _____
David S. Houghton - #15204
Justin D. Eichmann - #22405
HOUGHTON BRADFORD WHITTED PC LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
(402) 344-4000 | (402) 933-1099 Fax
dhoughton@houghtonbradford.com
jeichmann@houghtonbradford.com
*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

  I hereby certify that on April 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to the following CM/ECF users:

    Elizabeth A. Luebbert - elizabeth.luebbert@koleyjessen.com
    J. Daniel Weidner - daniel.weidner@koleyjessen.com
    John D. Stalnaker - j.stalnaker@sbbpc.com

                _____
00523497                   Justin D. Eichmann