IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LUND-ROSS CONSTRUCTORS, INC.,

Plaintiff/Counter-
Defendant,

v.

VECINO NATURAL BRIDGE, LLC,

Defendant/Counter-
Claimant.

**8:19CV550**

**MEMORANDUM
AND ORDER**

In this diversity case, *see* 28 U.S.C. § 1332(a), plaintiff/counter-defendant Lund-Ross Constructors, Inc. ("Lund-Ross") and defendant/counter-claimant Vecino Natural Bridge, LLC ("Vecino") dispute which of them is liable for damages resulting from a failed construction contract between them. The case is set for a bench trial beginning May 13, 2024.

Before the Court is Vecino's Second Motion in Limine (Filing No. 112). The Court previously granted Vecino's first motion in limine (Filing No. 80) to exclude certain expert testimony on delay, noting Lund-Ross (1) did "not seriously contend that it properly disclosed the delay experts' opinions" under Federal Rule of Civil Procedure 26(a)(2)(C) and (2) finding Lund-Ross failed to show "it could present the challenged evidence in a way that would not create an undue risk of causing unnecessary delay, confusing the issues, or wasting time under the circumstances" as required by Federal Rule of Evidence 403. *Lund-Ross Constructors, Inc. v. Vecino Nat. Bridge, LLC*, No. 8:19CV550, 2023 WL 5607563, at *4 (D. Neb. Aug. 30, 2023).

This time Vecino seeks to bar any expert testimony from "Jason Hillmer, Chris Noel, Blake Cemer, Bill Cemer, Jason Zarp, Russell Matson, Ron Ulrich, Nathan Dalrymple, Rick Gomez, and/or Chris Wozniak (collectively, the 'Nonconforming Work

Experts'), regarding methods available to repair nonconforming work, the scope of necessary repairs, and/or the expected cost of necessary repairs."[1]  According to Vecino, Lund-Ross did not properly disclose "the purported expert opinions of Lund-Ross' Nonconforming Work Experts" as required under Rule 26(a)(2)(C) and that failure "has prejudiced Vecino's ability to prepare for trial both in understanding the alleged experts' opinions and preparing rebuttal testimony."

"Rule 26(a)(2) governs the disclosure of witnesses who may be used at trial to present expert testimony." *Johnson v. Friesen*, 79 F.4th 939, 943 (8th Cir. 2023).  Under Rule 26(a)(2)(C), non-retained experts, like those at issue here, "are subject to less stringent disclosure requirements than a retained expert."  *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 644 (8th Cir. 2022); *see also Johnson*, 79 F.4th at 943 (explaining, in the context of treating physicians, that other factors may be more important than whether an expert was retained).  That rule requires a party to "disclose the identity of non-retained experts who may testify at trial and disclose 'the subject matter on which the witness is expected to present' expert opinion testimony and 'a summary of the facts and opinions to which the witness is expected to testify.'"  *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26(a)(2)(C)).

Those disclosure requirements get their teeth from "the threat of sanctions in" Federal Rule of Civil Procedure 37.  *Id.*; *see also Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).  "Rule 37(c)(1) provides that when a party fails to comply with the disclosure requirements in Rule 26(a), 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'"  *Vanderberg*, 906 F.3d at 702 (noting the sanction is self-executing subject to the court imposing a different sanction).

---

[1]Lund-Ross reports that all of the proposed experts except Jason Hillmer are identified as subcontractors on the disputed construction project.

Here, Vecino seeks to exclude three relatively specific categories of proposed expert testimony as a sanction for what it sees as Lund-Ross's failure to comply with Rule 26(a)(2)(C). Vecino maintains it seeks a very narrow sanction targeted to address the actual prejudice it suffered because of the inadequate disclosure, such as its inability to properly prepare for trial.

Noting the lack of guidance in this area outside the context of a treating physician, Lund-Ross opposes any sanction. In Lund-Ross's view, its "disclosure may be relatively brief" but is "adequate for purposes of" Rule 26(a)(2)(C), particularly if you remember that some of its experts are "adverse to Lund-Ross in" related state-court cases. Lund-Ross further argues that even if its disclosures were inadequate, Vecino has not shown any actual prejudice that would justify a sanction.

Upon careful review of the parties' respective submissions and the record on this issue, the Court agrees with Vecino that Lund-Ross did not adequately disclose "the facts and opinions to which" it expects its non-retained expert witnesses to testify. Fed. R. Civ. P. 26(a)(2)(C)(ii); *see also Vanderberg*, 906 F.3d at 703-04 (noting bad faith is not required). Under Rule 37(c)(1), Lund-Ross cannot use that expert testimony at trial, unless its "failure was substantially justified or is harmless." Lund-Ross has shown neither. *See Vanderberg*, 906 F.3d at 703-04; *Wegener*, 527 F.3d at 692 (concluding undisclosed evidence was "neither substantially justified nor harmless" where "a continuance would have postponed a much-delayed trial"); *Meyer v. Currie Tech Corp.*, 329 F.R.D. 228, 234 (D. Neb. 2018) (noting the opportunity to depose a witness somewhere down the line does not necessarily cure a deficient disclosure or dissolve any prejudice).

To be sure, Lund-Ross correctly points out that the line between admissible opinion testimony by a lay witness under Federal Rule of Evidence 701 and testimony by a non-retained expert "is not always crystal clear." *See Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 258 (8th Cir. 1985) (recognizing "the difficulty of separating statements about actions

taken as in-house experts from what would essentially be expert opinion testimony"). Vecino does not argue otherwise. Nor does it—notwithstanding Lund-Ross's suggestion to the contrary—seek to bar trial evidence that complies with Rule 701. Vecino's motion in limine focuses exclusively on inadequately disclosed expert testimony.

Though it is not always easy, the Court is confident that any genuine issue of blurred lines between the scopes of Rules 701 and 702 can adequately be addressed through timely objections at trial and the Court's careful review of the evidence before entering judgment. *See Easley*, 758 F.2d at 258 (stating that the better course in a bench trial is to "to hear the testimony" of a challenged witness "and continue to sustain objections when appropriate" rather than refusing to allow them to testify as a fact witness). With no jury present, the Court can give the parties greater latitude in presenting their evidence and questioning witnesses. *Cf. Fields Eng'g & Equip., Inc. v. Cargill, Inc.*, 651 F.2d 589, 594 (8th Cir. 1981) (recognizing the presumption "that the trial court considered only competent evidence and disregarded all evidence which was incompetent" (quoting *Montgomery Ward & Co. v. Steele*, 352 F.2d 822, 830 (8th Cir. 1965))).

As the Court observed with respect to Vecino's first motion in limine, in a bench trial, many of the usual evidentiary concerns are either not in play or are at least reduced to some degree. *Cf. Lund-Ross*, 2023 WL 5607563, at *4; *accord EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) (explaining "in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial"). Given these circumstances and the limited scope of Vecino's motion, Lund-Ross's fear of "outright exclusion of testimony" is unfounded.

Indeed, the Court will take a far more-measured approach. *See Wegener*, 527 F.3d at 692 (describing the Court's "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case" and cautioning that the "harsh penalty" of exclusion "should be used sparingly"); *Bonds v. D.C.*, 93 F.3d 801, 808 (D.C.

Cir. 1996) (emphasizing that any sanction under Rule 37 "must be 'just'" (quoting *Insurance Corp. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982))). In short, Lund-Ross's Nonconforming Work Experts can testify as to what happened and what they observed as subcontractors and suppliers on the job, but they cannot go the extra step to testify as experts regarding the materials or methods available to repair nonconforming work, the scope of any necessary repairs, or the expected cost of such repairs. Where the lines blur, the parties can seek guidance and timely raise appropriate objections at trial.

In light of the foregoing, defendant/counter-plaintiff Vecino Natural Bridge, LLC's Second Motion in Limine (Filing No. 112) is granted. This case remains set for trial beginning May 13, 2024.

IT IS SO ORDERED.

Dated this 10th day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

5